IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Anna Johnson, ) | |
| ) | Case No. 12 C 50098 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Rockford Public School District #205, ) | |
| ) | Judge Philip G. Reinhard |
| Defendant. ) | |
| ) | |

## ORDER

For the reasons stated below, defendant's motion for summary judgment on the retaliation claim is denied as to the claims plaintiff was not hired for the Summer 2010 position and the 2010-11 school year positions in retaliation for her complaint about being sexually harassed by Rundall. Defendant's motion for summary judgment is granted as to all plaintiff's other claims of retaliation. Defendant's motion for summary judgment on the sexual harassment claim is denied. This case might be a good one for Magistrate Judge Mahoney to mediate given the evidence each party has shown to this point.

## STATEMENT-OPINION

Plaintiff, Anna Johnson, brings this action against defendant, Board of Education of Rockford Public Schools District No. 205, her former employer, alleging sexual harassment and retaliation both in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2 (a)(1) et seq.) Defendant moves for summary judgment.

Plaintiff was a non-tenured teacher for defendant from August 25, 2005, until the end of the 2009-10 school year on June 4, 2010. Plaintiff was assigned to work in a self-contained, learning-impaired, mentally impaired ("LIMI") classroom at Jefferson High School. Along with all defendant's non-tenured teachers, she received notice in spring 2009 that she would be dismissed at the end of the 2008-09 school year. When she became eligible to re-apply, she did so and was hired into the LIMI position for the 2009-10 school year.

Sometime during summer 2009, plaintiff began a consensual romantic relationship with Don Rundall, the Jefferson High School principal. This relationship lasted until January 2010 when plaintiff ended it. Rundall continued to contact plaintiff in an attempt to re-engage in a sexual relationship. Rundall told plaintiff that if she had sex with him she would maintain her employment at Jefferson High School for the next school year (2010-11). Plaintiff submitted to Rundall's advances and had sex with him on more than one occasion.

In March 2010, defendant again decided to dismiss all non-tenured teachers at the end of the 2009-10 school year and notified the non-tenured teachers of this fact. Plaintiff received the notice on March 24, 2010. This notice of dismissal was unrelated to her relationship with Rundall.

Sometime prior to February 2010, defendant's superintendent received an anonymous complaint concerning the consensual romantic relationship between plaintiff and Rundall. In February 2010, during the course of the investigation undertaken as a result of this complaint, plaintiff attended a meeting with defendant's superintendent and Shantina Davenport (Davenport during the relevant time period had her job title change but her duties remained the same. She was at one time the special assistant to the chief financial officer and later the executive director of HR.) During this meeting, plaintiff said she had been involved in a consensual relationship with Rundall. During this meeting, she did not allege she had been or was being sexually harassed by Rundall. In an affidavit, filed with her response to defendant's summary judgment motion, plaintiff says she complained to Davenport in February 2010 about Rundall's unwelcome sexual advances.[1] In her LR56.1 statement of facts, plaintiff says after speaking with Davenport, Davenport offered to move plaintiff to a new school. However, the citation to plaintiff's deposition offered to support this fact does not do so. Davenport did testify in her deposition that plaintiff requested in a meeting with Davenport and plaintiff's union representative that she be transferred to a different school. Davenport testified she did not believe plaintiff told her in this meeting that she was having continuing problems with Rundall.

Defendant at it's board meeting on March 9, 2010, authorized a notice of remedy to be served on Rundall. The notice listed grounds for his dismissal as an administrator if not remedied and directed him to take or refrain from various listed actions. Engaging in "inappropriate personal and/or sexual relationships with at least one female subordinate employee" was cited as one of the grounds.

On May 17, 2010, two paraprofessionals working in plaintiff's classroom each filed separate complaints against plaintiff alleging plaintiff was leaving her classroom of mentally impaired students, making phone calls and texting during class time and inappropriately discussing her personal life with parents of students in her class. Due to these allegations, plaintiff was placed on leave effective May 18, 2010. During the investigation of these complaints, student journals that were sent back and forth between plaintiff and the parents of her students were reviewed. Plaintiff's notes in these journals to the parents contained personal information about plaintiff and derogatory statements and criticisms of defendant's personnel. Plaintiff acknowledged this information and the criticisms were inappropriate.

As part of the investigation, an administrative assistant at Jefferson High School submitted a written statement documenting inappropriate verbal threats made by plaintiff towards another teacher. Plaintiff received a letter dated June 16, 2010 (signed by Shantina Davenport)

---

[1] Defendant argues that self-serving assertions in affidavits cannot be used to defeat summary judgment but this is not true. Unsubstantiated self-serving affidavits may be used to defeat summary judgment so long as the assertions do not contradict the affiant's prior sworn statements. U.S. v. Funds in the Amount of One Hundred Thousand One Hundred and Twenty Dollars, 730 F.3d 711, 718 (7th Cir. 2013).

from defendant at the conclusion of the investigation which recited a number of findings concerning plaintiff's actions and concluded her conduct was unbecoming of a teacher and "through your defamatory and disparaging remarks to the parents, you have caused harm to the district and to your coworkers. Because you have conducted yourself in such an unprofessional manner and in the event you attempt to seek re-employment in this district, this letter is being placed in your personnel file."

All non-tenured teachers dismissed at the end of the 2009-10 school year who wished to be re-employed were required to reapply. In 2010, it was the practice of defendant's department of special education to post vacant special education teaching positions for the following school year internally at each school. It was also the practice at that time that currently employed teachers requesting internal transfer would be placed based on seniority. Paul Bushard, a tenured, certified special education teacher with an endorsement in learning disabilities, applied for internal transfer to the Jefferson High School LIMI vacancy, the position previously held by plaintiff before her dismissal (along with all of the other non-tenured teachers) at the end of the 2009-10 school year. Plaintiff maintains she applied for this position but neither she, nor defendant, have any record that she did so and, because Bushard was placed in the position through the internal transfer process, the position was never available to non-currently employed individuals such as plaintiff or any of the other dismissed non-tenured teachers.

Plaintiff applied for a summer 2010 teaching job at defendant's Page Park School. The Page Park principal, Debbie Johnson, called and asked plaintiff if she wanted the job. Plaintiff accepted. Shortly thereafter, Debbie Johnson called plaintiff and told her she could not hire plaintiff for the position because of plaintiff's relationship with Rundall. Plaintiff testified in her deposition that Debbie Johnson told plaintiff that Shantina Davenport told Debbie Johnson not to hire plaintiff because of plaintiff's relationship with Rundall. Debbie Johnson denies making this statement.

Plaintiff claims she applied for additional teaching positions with defendant (apart from the Jefferson High School LIMI position discussed above) for the 2010-11 school year but was not interviewed or hired for any of them. Building administrators in the buildings where plaintiff applied for teaching positions for the 2010-11 school year were responsible for choosing candidates to interview and for making recommendations for hire to defendant. Defendant used these recommendations to select the best qualified applicants for the positions in accordance with the collective bargaining agreement between defendant and the teachers' union. All of those building administrators submitted affidavits stating they did not base their decisions on who to interview or who to recommend for hire on any input from or relating to Rundall. Plaintiff does not present any conflicting evidence as to these building administrators and the 2010-11 school year. She testified in her deposition that she believes, based on Debbie Johnson telling her that Shantina Davenport told Debbie Johnson she could not hire plaintiff for the 2010 summer position, that the other principals had been informed not to hire her due to her relationship with Rundall.

"A Title VII plaintiff can prove retaliation under either the direct or indirect method." Majors v. General Elec. Co., 714 F.3d 527, 537 (7th Cir. 2013). Plaintiff only argues the direct method. "The direct method requires proof that (1) the employee engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between the

two." Id. Retaliation under the direct method may be proven by evidence of retaliation without resort to inference such as a direct admission that the protected activity (here the complaint to Davenport) motivated the adverse employment action or by circumstantial evidence including suspicious timing, evidence that similarly situated employees were treated differently, or evidence that the employer's stated reason for the adverse employment action was pretextual." Naficy v. Ill. Dept. of Rev., 697 F.3d 504, 512-13 (7th Cir.2012). "[T]he question is simply whether the plaintiff has 'one way or the other' presented sufficient evidence that she is protected by the statute, suffered an adverse employment action, and sufficient evidence exists that a rational jury might conclude the employer acted on account of the plaintiff's protected class as opposed to some other benign reason." Id. at 514.

      Plaintiff admits, in her responses to defendant's LR56.1 statement of facts, that her termination at the end of the 2009-10 school year was unrelated to Rundall. She was terminated along with all of defendant's other non-tenured teachers. She also admits that the Jefferson LIMI classroom position (her assignment during the 2009-10 school year), was not available to her or any other non-tenured teacher for the 2010-11 school year because a tenured teacher, Bushard, obtained that position via internal transfer based on seniority before it could become available to non-tenured teachers.

      Plaintiff admits that the complaints by the two paraprofessionals made on May 17, 2010 were not related to her relationship with Rundall. She agrees that the student journals sent back and forth between plaintiff and her student's parents reviewed during the investigation of these complaints contained personal information and derogatory statements and criticisms of defendant's personnel. Plaintiff acknowledge that including this information in the student journals was inappropriate. Plaintiff presents no evidence that her complaints about Rundall or her relationship with him had anything to do with conclusions reached in this investigation as set forth in the June 16, 2010 letter signed by Shantina Davenport finding plaintiff's conduct was unbecoming of a teacher and stating "through your defamatory and disparaging remarks to the parents, you have caused harm to the district and to your coworkers." Plaintiff agrees this letter was placed in her personnel file.

      The foregoing demonstrates that plaintiff's termination at the end of the 2009-10 school year and her not being rehired to the Jefferson LIMI position were by her own admission not causally linked to her complaint to Davenport. Similarly, she admits the complaints against her by the paraprofessionals and the investigation of those complaints had nothing to do with her relationship with Rundall. She presents no evidence that the conclusions reached and action taken as a result of that investigation (the inclusion of the letter in her personnel file) were causally linked to her complaint to Davenport. None of these actions supports a retaliation claim.

      What plaintiff has left to construct a retaliation claim out of is her testimony that Debbie Johnson withdrew her offer of employment for Summer 2010 because Shantina Davenport told Debbie Johnson she could not hire plaintiff due to her relationship with Rundall. From this statement, plaintiff argues the other principals were told not to hire her due to her relationship with Rundall and that (rather than those principals concluding that other candidates were better suited for the positions) is why she was not hired for any other teaching jobs for the 2010-11 school year.

      Given all of the other evidence in the record, it seems unlikely plaintiff's undocumented

complaint to Davenport of sexual harassment by Rundall was the reason plaintiff did not get the Summer 2010 teaching position or any teaching position in the 2010-11 school year.  Further, Debbie Johnson's statement as to what Davenport told her was that Davenport said plaintiff could not be hired due to her relationship with Rundall not because of her complaint about him sexually harassing her.  However, a statement made by a superior that could be interpreted to be a reference to an employee having made a complaint of sexual harassment is enough to meet the causal link component of a retaliation claim for purposes of surviving summary judgment. Egan v. Freedom Bank, 659 F.3d 639, 643 (7th Cir. 2011) (Bank president's statement to another employee that president had heard plaintiff "had done something she should have been fired for" was sufficient to survive summary judgment on retaliation claim as president's statement plausibly could have been referring to plaintiff's earlier sexual harassment complaint against a board member of the bank and plaintiff was subsequently terminated by president.)  Here, the statement of Davenport to Debbie Johnson that plaintiff could not be hired due to her relationship with Rundall, in light of plaintiff's affidavit statement that she had complained to Davenport about being sexually harassed by Rundall, is enough to survive summary judgment on the retaliation claim as to the rescission of the offer for the Summer 2010 position.  Drawing all inferences favorably to the plaintiff, it can be inferred for purposes of surviving summary judgment that Davenport's statement to Debbie Johnson that plaintiff could not be hired due to her relationship with Rundall was communicated to other principals as well.  Plaintiff's retaliation claim survives as to the 2010-11 school year as well.

    Plaintiff also claims defendant is liable to her for sexual harassment by Rundall.  To survive a motion for summary judgment on the harassment claim plaintiff must show 1) she was subjected to unwelcome conduct of a sexual nature; 2) the conduct was severe or pervasive enough to create a hostile work environment; 3) the conduct was directed at her because of her sex; and 4) there is a basis for employer liability. Roby v. CWI, Inc., 579 F.3d 779, 784 (7th Cir. 2009).  Since Rundall was plaintiff's supervisor at Jefferson High School, defendant will be held strictly liable if there was a tangible employment action such as a discharge, demotion, or change in working conditions. Id.  If there was no tangible employment action, defendant may assert an affirmative defense that 1) it exercised reasonable care or diligence to prevent and correct any harassing behavior; and 2) plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities to avoid harm. Id.

    Plaintiff claims that after she attempted to break off their consensual relationship Rundall pursued her to have sex with him, that his advances were unwelcome, and that he told her she could keep her job if she had sex with him.  He was making these requests daily.  She submitted to these requests on more than one occasion.[2]  The first three prongs noted above are met. See Turner v. The Saloon Ltd., 595 F.3d 679 (7th Cir. 2010).

---

    [2] Defendant cites plaintiff's deposition testimony that to the best of her recollection her physical relationship with Rundall ended around January 2010 (Def. Resp. To Pl. Statement of Facts, ¶ 99) as evidence contradicting plaintiff's affidavit assertion she submitted to some of Rundall's requests for sex after January 2010.  However, whether by this testimony she meant she never had sex with him again or meant that she no longer considered herself to be in a relationship with him after that point is unclear.

      Plaintiff argues that submitting to sexual advances is itself a tangible employment action citing Holly D. v. California Inst. of Tech., 339 F.3d 1158 (9th Cir. 2003), so that defendant is strictly liable for Rundall's actions. But, this is not so. See Stanfield v. Dart, No. 10 C 6569, 2012 WL 6720433, * 7 (N.D. Ill. Dec. 27, 2012) (Kendall, J.) If this were the case, the affirmative defense noted above, could never be raised successfully. Id. Plaintiff must show some other tangible employment action.

      As with her retaliation claim, plaintiff's evidence is her deposition testimony that she was denied the Summer 2010 position because Davenport had told Debbie Johnson plaintiff could not be hired due to her relationship with Rundall and the inference that this prohibition on employing her was communicated to the other principals as well. The court cannot say at this point in the proceedings that this was not a tangible employment action warranting strict liability. Factual development will be required for that determination. Summary judgment is not appropriate on this claim.

      For the foregoing reasons, defendant's motion for summary judgment on the retaliation claim is denied as to the claims plaintiff was not hired for the Summer 2010 position and the 2010-11 school year positions in retaliation for her complaint about being sexually harassed by Rundall. Defendant's motion for summary judgment is granted as to all plaintiff's other claims of retaliation. Defendant's motion for summary judgment on the sexual harassment claim is denied. This case might be a good one for Magistrate Judge Mahoney to mediate given the evidence each party has shown to this point.

Date: 1/16/2014                            ENTER:

*Philip G. Reinhard*

United States District Court Judge

                                        Electronic Notices. (LC)
                                        Copy to Magistrate Judge Mahoney